**Alex Meggitt**, OSB #174131
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
ameggitt@ojrc.info
Telephone: 503-944-2270
Facsimile: 971-275-1839

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DARRELL KIMBERLIN, | Case No. 3:22-cv-1328 |
| Plaintiff, | |
| v. | COMPLAINT |
| CITY OF PORTLAND, STATE OF OREGON, TRAVIS HAMPTON, and JOHN DOES 1 AND 2, | Civil Rights Action (42 U.S.C. § 1983) |
| | JURY TRIAL DEMANDED |
| Defendants. | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Kimberlin and tens of thousands of his fellow community members, and millions of other people around the world, have taken to the streets to protest white supremacy and police violence in the United States generally and in Portland specifically. Defendants City of Portland, by and through its agents, Portland Police Bureau ("PPB"), and defendants State of Oregon, Travis Hampton, and John Doe 1 acted in concert to respond with unlawful and indiscriminate violence against demonstrators outside of the Portland Police Association ("PPA") headquarters in North

COMPLAINT
Page 1 of 11

Portland, in the law enforcement agencies' continued effort to silence speech. Because of this pattern and practice and the intentional conduct of a PPB officer or OSP officer, Plaintiff was injured when a law enforcement officer tackled him to the ground on N Lombard Street for no legitimate reason. Plaintiff is entitled to damages, and an award of attorneys' fees and costs.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4). The court has supplemental jurisdiction over the State tort claims pursuant to 28 U.S. Code § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because a substantial part of the events giving rise to this claim occurred in this judicial district, and all parties reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Portland, Multnomah County, Oregon.

## PARTIES

3. Darrell Kimberlin, Plaintiff, at the time of filing and all material times, was a citizen of the State of Oregon.

4. Defendant City of Portland (hereinafter, "City") is a political subdivision of the State of Oregon with the capacity to sue and be sued. The City runs the Portland Police Bureau (hereinafter, "PPB"). On information and belief, each and every decision to unlawfully use force against Plaintiff was made and/or ratified by a sufficiently high level as to be policy decision of

the City. On information and belief, the law enforcement officer who used force against Plaintiff and his property were acting pursuant to the practice or policy of the City in coordination and concert with Defendants Hampton and Doe 1.

5. Defendant State of Oregon with the capacity to sue and be sued pursuant to the Oregon Tort Claims Act. Under *respondeat superior*, Defendant State of Oregon is liable in a state tort action for the actions or inactions of its agents. Plaintiff sues Defendant State of Oregon only in his pendant state tort battery claim, described below.

6. Defendant Travis Hampton was, at all times relevant to this complaint, the superintendent of the Oregon State Police ("OSP"). Defendant Hampton was, at all times relevant to this complaint, acting in a supervisory capacity over OSP officers' response to protests in Portland and coordination with PPB in doing so. At all times relevant to this complaint, Defendant Hampton was acting under color of state law.

7. Defendant John Doe 1 is a supervisor working for the State of Oregon within the Oregon State Police ("OSP"). Defendant John Doe 1 was, at all times relevant to this complaint, acting in a supervisory capacity over OSP officers' response to protests in Portland and coordination with PPB in doing so, though PPB's "incident command' structure. At all times relevant to this complaint, Defendant John Doe 1 was acting under color of state law.

8. Plaintiff does not know the name of Defendant John Doe 2, and thus sues them under a fictitious name. John Doe 2 is a law enforcement officer who, under color of law and coordination between Defendants, tackled Plaintiff, injuring him and damaging his property. John Doe 2 is sued in their individual capacity.

//

//

//

## FACTUAL ALLEGATIONS

**I.     History of Illegal Pattern and Practice**

9.     On May 25, 2020, in Minneapolis, Minnesota, a Black man named George Floyd was murdered on video by Officer Derek Chauvin of the Minneapolis Police Department while three of his fellow officers watched and did nothing to intervene. Officer Chauvin knelt on Mr. Floyd's neck while Mr. Floyd pleaded for his life, repeatedly telling Chauvin that he could not breathe. A bystander video of the murder quickly went viral, sparking outrage throughout the country.

10.    For many Americans, and particularly for Black Americans, the murder of George Floyd, in broad daylight while being openly filmed by a witness, was the proverbial straw that broke the camel's back. Fed up with the empty platitudes and the endless yet ineffective "reforms" by their political and law enforcement leaders, millions of Americans took to the streets in protest, demanding an end to police violence and white supremacy, and refusing to leave those streets unless and until meaningful change is made.

11.    Protests against police violence have been met with police violence in nearly every city around the country. Videos shared in the press and on social media show that the police in this country are out of control: attacking journalists, attacking bystanders, threatening children, assaulting people for insulting them, kettling whole groups of protestors only to launch tear gas at them, driving their cars directly through crowds of people, using military helicopters in efforts to terrify civilians, discussing plans to shoot protestors, shooting kinetic impact munitions into crowds of people who are doing nothing but protesting peacefully, and using massive amounts of

tear gas in a systemic effort to stop people from protesting police violence. These violent police responses have only reinforced the need for the call for change demanded by protesters.

12. By May 29, 2020, Portlanders had begun demonstrating in the streets demanding justice for George Floyd and demanding an end to police violence. PPB and OSP, like law enforcement agencies throughout the country, met those demands with violence against protesters.

13. One of the focal points of conflict between PPB, OSP, and protestors has been the PPA building, on North Lombard Street in North Portland. The PPA building was, at all times relevant to this complaint, the headquarters of the Portland police officers' union. The union's history of resisting reforms that would make Portland police more accountable to the community rendered it a symbol of the harms that protesters have sought to address.

14. Upon information and belief, Defendants City of Portland and State of Oregon have engaged in a mutual aid compact or other similar agreement that coordinates OSP and PPB law enforcement actions to act in concert to clear to individuals participating in protest events, including from events around the PPA building. Defendant Hampton ordered OSP officers to be deployed in response to Portland protests during different periods in 2020, and he placed Defendant Doe 1 as OSP's supervisor on the scene in Portland through participation in PPB's "incident command." Defendant John Doe 1, a supervisor in the Oregon State Police, was responsible for implementing that agreement for the State of Oregon on September 5, 2020. By this date, Defendants Hampton and Doe 1 were aware of PPB's pattern of unlawful use of force against protesters.

**II. Allegations from September 5, 2020**

15. Darrell Kimberlin attended the protests in Portland throughout the Spring and Summer of 2020, documenting events and livestreaming as a member of the press.

16. On or about the night of September 5, 2020, Mr. Kimberlin was present in the area around the PPA Building on N Lombard Street, where protesters regularly gathered to protest police violence against the community.

17. During the protest, officers and protesters moved west on Lombard, away from the PPA building. Plaintiff was standing still on the south side of Lombard Street, livestreaming the events around him.

18. An officer in riot gear ran at Plaintiff and tackled him. The officer took Mr. Kimberlin to the ground with such force that Mr. Kimberlin rolled in the street as if he were performing a somersault.

19. Upon information and belief, the officer who tackled Plaintiff was an Oregon State Police officer and an employee of Defendant State of Oregon.

20. Plaintiff was not facing the officer at the time the officer tackled him, and Plaintiff heard no warning from that officer that force was about to be used against him.

21. After tackling Plaintiff, the officer made no effort to arrest him or otherwise detain him.

22. Defendants City, Hampton, and John Doe 1 have repeatedly permitted, directed, or ratified the frequent and common use of force against protesters without any legal justification and in violation of their rights.

23. Plaintiff suffered pain and injury after Defendants harmed him. The officer's tackle also damaged property in Plaintiff's backpack, including his phone and other electronic items.

24. Plaintiff was physically harmed and frightened by Defendants' use of force against him.

25. As a result of the above, he feels fearful and anxious when around police. He also feels less free to express his First Amendment right to free expression in the presence of police officers or to document police actions as a member of the press.

## Claim 1: Fourth Amendment – Excessive Force/Unlawful Seizure – Individual Liability
## (42 U.S.C. § 1983)

26.     Plaintiff re-alleges and incorporates the paragraphs above as if fully stated herein.

27.     It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

28.     In taking the actions described above, including but not limited to tackling Plaintiff—a person who was unarmed, documenting events as a member of the press, and in no way acting in an aggressive manner—Defendant John Doe 2 intentionally violated Plaintiff's right to be free from unlawful and unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution.

29.     Defendant John Doe 2 violated rights held by Plaintiff which were clearly established, and no reasonable official similarly situated to John Doe 2 could have believed that their conduct was lawful or within the bounds of reasonable discretion. Defendant John Doe 2 therefore does not have qualified or statutory immunity from suit or liability.

30.     The actions of Defendant John Doe 2, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages against Defendant John Doe 2, in their individual capacity, in an amount sufficient to punish them and to deter others from like conduct.

31.     The unreasonable seizure and excessive force used on Plaintiff by Defendant was the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering,

worry, fear, and anguish. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

32. Upon information and belief, Supervisory Defendants Hampton and John Doe 1 authorized and/or acquiesced to the conduct alleged herein which caused Plaintiff's constitutional deprivation.

33. Defendant City is liable for under this count pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

34. As a direct and proximate result of Defendants' unconstitutional acts, Plaintiff suffered the permanent deprivation of his property and associated mental harms, outrage, betrayal, offense, indignity, and insult causing damage in amounts to be determined at trial.

**Claim 2: Fourth Amendment – Unlawful Pattern and Practice – Municipal Liability**

**(42 U.S.C. § 1983)**

35. Plaintiff re-alleges and incorporates the paragraphs above as if fully stated herein.

36. Defendant City of Portland acted in concert with the Oregon State Police and Defendants Hampton and John Doe 1 to clear protests from around the PPA building. Both Defendants have official policies allowing the use of force against individual and crowds. These policies did not properly follow the *Graham v. Connor* Fourth Amendment standard regulating the use of force against individuals. The policies allow for the unlawful, unreasonable, and indiscriminate use of force against a crowd of people, including those engaging in passive resistance, in violation of the Fourth Amendment.

37. Alternatively, even if the policies themselves are constitutional, PPB and Defendants Hampton and Doe 1's actual practice and custom is to allow the use of force in unlawful and

unreasonable manners against protesters both before and after an "unlawful assembly" and/or a "civil disturbance" has been declared, even when a substantial number of people in that crowd, or even the great majority of that crowd, are obeying law enforcement orders, engaged in no resistance, or engaged in only passive resistance to an order. Defendants' training has not sufficiently protected against and prevented unlawful uses of force such as those used against Plaintiff. In fact, at least one training within the few years before Plaintiff was harmed advocated for police to harm protesters and trained officers on incorrect law that allowed for officers to use force against passive protesters.

38.     The City and Defendants Hampton and Doe 1 have tacitly and explicitly authorized the use of unlawful and/ unreasonable force against protestors by justifying or condoning uses of similar tactics at protests on these dates. The City and Defendants Hampton and Doe 1 knew or reasonably should have known this would lead to the constitutional violations alleged herein.

39.     Defendants, acting pursuant to this policy, custom, or practice, unlawfully used force against Plaintiff as alleged above, causing his injuries. The unreasonable seizure of and excessive force against Plaintiff was the direct and proximate cause of his bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, anguish. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

**Claim 3: First Amendment – Unlawful Pattern and Practice – Municipal Liability**

40.     Plaintiff re-alleges and incorporates the paragraphs above as if fully stated herein.

41.     Plaintiff was engaged in constitutionally protected acts of free speech, including public demonstration opposing racism and police violence against Black people and documenting events as a member of the press. Plaintiff will continue to do so in the future.

42. The First Amendment protects persons from unlawful curtailment of expressive conduct, assembly, and associations with one another.

43. Defendant John Doe 2's retaliatory motive was the but-for cause of Plaintiff's injuries. By tackling Plaintiff and damaging the equipment he used to document police violence, Defendants injured Plaintiff while and because he protested and documented police violence, and Defendants chilled Plaintiff's political speech, violating his First Amendment rights.

44. Defendants' use of force against Plaintiff for engaging in First Amendment protected activity, and their unlawful seizure of his property, to deter future similar protest activity, evidences a pattern and practice of unconstitutional conduct.

45. Defendants have a custom and practice of using militarized force against anti-police protestors, as demonstrated by the use of tear gas and "less lethal" weapons against protesters. The Defendants' use of force was intended to unlawfully punish protestors individually and *en masse* for their political speech and to deter further similar expressions of speech. The supervisory decision to allow officers to use unlawful and unreasonable amount of force against protestors was made in retaliation for the protestors' protected speech condemning the police and to chill the expression of further similar speech.

46. The above-described conduct was a proximate cause of harm to Plaintiff. The retaliation against Plaintiff was the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, worry, fear, and anguish. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

## Claim 4: Battery

### (State Tort Claim against Defendant State of Oregon)

47. Plaintiff re-alleges and incorporates the paragraphs above as if fully stated herein.

48. John Doe 2's use of force against Plaintiff was done with the purpose of causing him harm and humiliation.

49. The act of John Doe 2 was taken within the scope of his employment with the State of Oregon, and the State is liable for his conduct.

50. As a result of the above-described battery, Plaintiff suffered pain, humiliation, fear, and other injury. The above-described battery also damaged Plaintiff's personal property. Plaintiff is entitled to all of his damages in an amount to be ascertained according to proof at trial.

### REASONABLE ATTORNEY'S FEES AND COSTS

51. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

52. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

### CONCLUSION

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For economic, non-economic, and punitive damages in an amount to be determined at trial;

B. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988; and

C. Such other relief as the court deems just and proper.

DATE: September 5, 2022.

> */s/ Alex Meggitt*
> Alex Meggitt, OSB #174131
> ameggitt@ojrc.info
> PO Box 5248
> Portland, OR 97208
> Attorney for Plaintiff